SUMMARY ORDER
Plaintiffs-appellants Julianna Rubio, Tracy Ann Deon, Angelina Torres, and Diana Yu appeal from a judgment in favor of defendant-appellee County of Suffolk in this civil rights action brought under 42 U.S.C. § 1983. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Plaintiffs challenge the decision of the District Court to grant defendant’s motion for summary judgment. They contend that the County is liable for the constitutional violations at issue in this action pursuant to the theory of municipal liability set forth in Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We disagree substantially for the reasons stated in the Memorandum and Order of the District *38 Court See Rubio v. County of Suffolk, No. 01-CV-1806, 2007 WL 2993833 (E.D.N.Y. Oct. 9, 2007).
With respect to plaintiffs’ argument that they had identified sufficient evidence of a policy or custom to reach the jury, we agree with the District Court that “a few violations by a small group of subordinate County employees with no policymaking authority [cannot] amount to the pervasive and widespread custom or practice necessary for municipal liability.” Id. at *4 (internal quotation marks omitted). As we explained in Wimmer v. Suffolk County Police Department, “Although in some cases a supervisor’s acquiescence to actions of his subordinates may amount to a ‘custom’ or ‘policy,’ in such a case the subordinates’ discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials.” 176 F.3d 125, 137 (2d Cir.1999) (some internal quotation marks and citation omitted). Plaintiffs have not come forward with evidence that would permit a reasonable jury to conclude that policy-making officials had constructively acquiesced to the misconduct in this case.
Plaintiffs also argue that the County’s allegedly inadequate police training program constituted evidence of the County’s deliberate indifference to the constitutional right of motorists to be free of wanton strip searches and other inappropriate and degrading treatment. The Supreme Court has recognized that in some cases, “the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.” City of Canton v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). This is not such a case. As the District Court explained, the evidence advanced by plaintiffs “fails to establish that instances of civilian violations like the ones complained of here were so ‘widespread’ or ‘persistent’ to reflect deliberate indifference.” Rubio, 2007 WL 2993833, at *8.
For these reasons, as well as others set forth in the Memorandum and Order of the District Court, the County was entitled to summary judgment in this action.
Finally, we see no merit in the County’s challenge to the District Court’s entry of partial judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. First, the County has failed to file a cross appeal, and “without cross-appealing, [an appellee] may not advance a theory that challenges some aspect of the lower court’s judgment.” Pac. Capital Bank, N.A. v. Connecticut, 542 F.3d 341, 349 (2d Cir.2008). Second, even if the County had filed a timely cross-appeal, we would nevertheless reject this challenge because the District Court’s determination that there was “no just reason [to] delay” final judgment, Fed.R.Civ.P. 54(b), does not constitute an abuse of discretion, see Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), in light of the risk of redundant damages proceedings in the District Court.
We have considered all of appellants’ arguments on appeal and found no merit in any of them. Accordingly, we AFFIRM the judgment of the District Court.